**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated,<br><br>   Plaintiff,<br><br>v.<br><br>American Hospitality Solution LLC, et al.,<br><br>   Defendants. | No. CV-16-03405-PHX-DGC<br><br>**ORDER RE<br>DEFAULT JUDGMENT** |

Plaintiff has filed a motion for default judgment against Defendant Deborah Speziale (Docs. 12, 19), and no party has requested oral argument. For the reasons that follow, the Court will grant the motion.

**I.   Background.**

Plaintiff Best Western International, Inc. is a non-profit corporation consisting of individually owned hotels that operate under the "Best Western" mark. Doc. 19 at 2. The rights and duties of Plaintiff and its member hotels are created and governed by a membership agreement that incorporates by reference certain bylaws, rules, and regulations. Doc. 1 at 3. Plaintiff executed a membership agreement with American Hospitality Solution, LLC and Defendant Deborah Speziale. Doc. 1, ¶¶ 19-24. Defendant was the voting member for this membership, binding her under the membership agreement and making her "personally, jointly and severally liable for all obligations owed to Best Western." *Id.*, ¶ 4; Doc. 1-2 at 18. The membership agreement

provides that "if a member [hotel] resigns or is terminated, fees and dues for the remainder of the fiscal year will become immediately due and payable[.]" Doc. 1, ¶ 12.

In March 2016, Plaintiff terminated its membership agreement with American Hospitality Solution and Defendant. Doc. 1 at 8. In May 2016, Plaintiff notified Defendant of the account balance and demanded payment, which at the time was $93,514.45. *Id.*; Doc. 1-3 at 24-26. Defendant did not pay, and Plaintiff filed its complaint in October 2016, asserting breach of contract, open account, unjust enrichment, and stated account. Doc. 1 at 9-12.

Defendant was properly served in this case (Doc. 8), failed to appear, and was notified of Plaintiff's motion for entry of default (Doc. 10). On November 8, 2016, default was entered against Defendant. Doc. 11. Plaintiff has now filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (Doc. 12) seeking $103,481.13 in unpaid fees, plus 1.5% interest per month from November 1, 2016 until judgment is entered. Doc. 12 at 2. Plaintiff seeks $3,723.21 in attorneys' fees and costs pursuant to the membership agreement, A.R.S. §§ 12-341 and 12-341.01, and 15 U.S.C. § 1117. *Id.* Plaintiff also seeks post-judgment interest on all amounts awarded pursuant to 28 U.S.C. § 1961. *Id.*

## II. Legal Standard.

Because Defendant's default has been properly entered pursuant to Rule 55(a), the Court has discretion to grant default judgment against Defendant under Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court should consider include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

### III. Analysis.

Having considered Plaintiff's motion, which addresses each *Eitel* factor (Doc. 12 at 4-9), and having reviewed the supporting affidavits and documents provided by Plaintiff (Docs. 1-3 at 15-30, 12-1, 12-2, 13, 13-1), the Court concludes that default judgment is appropriate. *See, e.g.*, *Best W. Int'l, Inc. v. Universal Hospitality, Inc.*, No. CV-08-91-PHX-DGC, 2008 WL 2003784, at *3 (D. Ariz. May 8, 2008).

#### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting default judgment. Plaintiff served Defendant four months ago. Doc. 8. Defendant has not answered or otherwise responded to the complaint. Doc. 19 at 1. If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

#### B. The Merits of the Claim and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint states a claim for relief. *See Cal. Sec. Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Plaintiff alleges breach of contract based on Defendant's failure to pay amounts due under the membership agreement for services and supplies Plaintiff provided. Doc. 12 at 5-6. Plaintiff contends that Defendant agreed to pay interest of 1.5% per month. *Id.* at 6. Plaintiff has sufficiently pled a valid breach of contract claim and corresponding damages. *See Thomas v. Montelucia Villas*, *LLC*, 302 P.3d 617, 621 (Ariz. 2013).

Plaintiff also alleges that Defendant was unjustly enriched when Plaintiff provided Defendant with services and supplies which Defendant accepted. Doc. 1, ¶¶ 50-53; Doc. 12 at 8. Plaintiff subsequently rendered an account related to those services and supplies; Defendant neither objected to the account nor paid it. Doc. 11; Doc. 1, ¶¶ 50-53; Doc. 12 at 7-8. Plaintiff has made out a sufficient claim for unjust enrichment. *See Trustmark Ins. Co. v. Bank One, Arizona, NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002).

Plaintiff asserts claims for open and stated account. Doc. 1 at 9, 11-12. To recover

on an open account claim, a plaintiff must prove "the correctness of the account and each item thereof." *Holt v. W. Farm Servs., Inc.*, 517 P.2d 1272, 1274 (Ariz. 1974). Plaintiff provided Defendant with an accounting from February 2016 to October 2016 (Doc. 1-3 at 15-30), and Defendant has not responded or objected (Doc. 11; Doc. 19 at 1). Defendant agreed in the membership agreement to pay identified membership fees until termination of the agreement, including interest of 1.5% per month. Doc. 1, ¶¶ 54-59.

### C. The Amount of Money at Stake.

Plaintiff seeks interest of 1.5% per month from November 2016 until judgment is entered, for a total award of $109,854.99, plus $3,723.21 in attorneys' fees and costs. Defendant agreed to pay these fees and charges (Doc. 1, ¶¶ 3-4; Doc. 1-2 at 18), was provided with invoices for the balance due (Doc. 1-3 at 15-30), and now refuses to pay (Doc. 12 at 6). Given Defendant's actions, the fourth factor weighs in favor of a default judgment. *See Bd. of Trs. of Cal. Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 7979222, at * 1 (N. D. Cal. Dec.15, 1997).

### D. Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendant's default (Doc. 11), "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

### E. Whether Default Was Due to Excusable Neglect.

Defendant was properly served with process. Doc. 8; Fed. R. Civ. P. 4(e). It is "unlikely that Defendant's failure to answer and the resulting default was a result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

### F. The Policy Favoring a Decision on the Merits.

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *Cal. Sec. Cans*, 238 F. Supp. at 1177 (citation omitted). And Defendant's failure to answer or otherwise respond to the complaint

"makes a decision on the merits impractical, if not impossible." *Id.* The Court therefore is not precluded from entering default judgment against Defendant. *See id.*; *Gemmel*, 2008 WL 65604 at *5.

### G. Conclusion.

Having reviewed Plaintiff's motion and considered the *Eitel* factors, the Court concludes that entry of default judgment is appropriate.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 12) is **granted.**
2. Default judgment is entered in favor of Plaintiff on counts one, two, three, and four in the amount of $109,854.99.
3. Plaintiff is awarded attorneys' fees and costs in the amount of $3,723.21.
4. Plaintiff is awarded post-judgment interest at the rate established in 28 U.S.C. § 1961.
5. The Clerk is directed to enter judgment as set forth above.

Dated this 7th day of March, 2017.

_____
David G. Campbell
United States District Judge